IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE GORDON, | § | |
| TDCJ-CID NO. 1122328, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2733 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Kenneth Wayne Gordon, a state inmate, seeks habeas corpus relief under 28 U.S.C. § 2254. In 2002, petitioner was convicted of felony possession of a firearm in the 230th District Court of Harris County, Texas, in cause number 912468, upon a plea of guilty. The state district court assessed punishment at eight years confinement in the Texas Department of Criminal Justice–Correctional Institutions Division. Petitioner's appeal was dismissed as untimely filed on December 5, 2002. *Gordon v. State*, No.14-02-1206-CR, 2002 WL 31718286 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Petitioner's first state habeas application was denied by the Texas Court of Criminal Appeals without written order on the trial court's findings without a hearing on October 15, 2003. *See Ex parte Gordon*, Application No.48,060-04.[1] Petitioner's second state habeas application was dismissed as an abuse of the writ on December 13, 2006. *See Ex parte Gordon*, Application No.48,060-07.[2] Petitioner's third state habeas application was dismissed as an abuse of the writ on June 6, 2007. *Ex parte Gordon*, Application No.48,069-09.[3]

---

[1] *See* Texas court website at
www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2137302

[2] *See* Texas court website at www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2270049

[3] *See* Texas court website at www.cca.courts.stat.tx.us/opinions/EventInfo.asp?EventID=2291074

Petitioner's first federal habeas application, challenging the same conviction, was dismissed with prejudice on November 5, 2004, upon respondent's motion for summary judgment. *Gordon v. Dretke*, Civil Action No.H:-4-0274 (S.D. Tex. Nov. 5, 2004). Petitioner did not appeal this judgment. In the pending petition, petitioner seeks federal habeas relief from the same conviction on grounds that his trial court rendered constitutionally ineffective assistance of counsel. (Docket Entries No.1, No.2). The Court will dismiss the petition because it is successive.

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. § 2244(b) provides as follows, in pertinent part:

(1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was

raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C.§2244(b)(1).

Petitioner's pleadings in the pending habeas action do not clearly state the complaint against his trial counsel, although it appears he is complaining that counsel failed to object to the indictment or to investigate and challenge the sufficiency of the evidence to support his conviction for possession of a firearm. Petitioner raised an ineffective assistance of counsel claim in his first federal habeas application. Civil Action No.H:04-0274. To the extent that petitioner seeks relief from the same claims presented in Civil Action No.H:04-0274, such claims are DISMISSED with prejudice as successive. To the extent that petitioner raises new claims with respect to this conviction, he fails to allege or show that he has sought or received authorization from the court of appeals to proceed in this Court with respect to such claims. Accordingly, this action is DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this court on any new claims.

The Court finds that petitioner has not made a substantial showing that reasonable jurists would find the Court's ruling debatable. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). For this reason, the Court finds that a certificate of appealability should not issue in this case.

Petitioner's application to proceed as a pauper (Docket Entry No.3) is DENIED.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 7th day of September, 2007.

_____
Melinda Harmon
United States District Judge